Parker, C. J.,
delivered the opinion of the Court. The interest of Stearns is not so direct as to make him incompetent as a witness. The property was attached as his partner’s, John Page. jun. He testified that it belonged to him and Page. The effect of this testimony would be, to render the moiety of it subject to the execution of his partner’s creditor. If the sheriff should proceed to sell the whole upon the execution, and the witness should bring his action for the moiety, he could not avail himself of the verdict in this case to support his demand. Indeed, it * would seem indifferent to him whether the issue, to which his testimony referred, was found for the plaintiff or the defendant; for he would have the same right to a moiety, if his story be true, in either event. The only effect of his' testimony would be, to leave the chattels in the hands of the deputy sheriff, that he might satisfy the execution out of the moiety supposed to belong to John Page, jun.
All the cases go upon the ground, that the verdict would be available for" the witness, where he is rejected as incompetent; except the case of Buckland vs. Tankard, cited in the argument; in which Lord Kenyon held, that the witness ought to be rejected, because his creditors would be better by the verdict one way. This appears to us but a loose objection to a witness ; and we think that the only intelligible rule is, that, to render him incompetent, he should be interested in the event of the suit; because the verdict will establish something in his favor or against him.

Judgment on the verdict.