## RUNEY VS. THOMPSON.

1. WITNESS — INTEREST OF. The interest of a witness to exclude him, must be direct and not consequential, and where he is interested in the question but not in the event of the suit, the objection goes only to his credibility and not to his competency.

2. SAME. In an action of replevin brought against A, where he pleads property in B, it is well settled that B is a competent witness for the defendant to sustain the plea.

ERROR to the District Court for *Dane* County.

*Thompson* brought an action of replevin against *Runey* for the unlawful detention of a wagon and four oxen. The defendant pleaded *non detinet*, and also property in one Rezin Runey; and issue was taken on both pleas. The case was tried, and the jury returned a verdict in favor of the plaintiff, and assessed his damages at $61.33 upon which judgment was rendered. The defendant moved for a new trial upon the following ground among others: That the court improperly rejected Rezin Runey, a witness offered by defendant.

The court awarded a new trial on condition of paying all costs in thirty days, otherwise judgment was to be entered on the verdict. It appears by the bill of exceptions that, on the trial, the defendant offered Rezin Runey, as a witness to prove that the property replevied was in him, Rezin Runey, and never was the property of the defendant. He was objected to by the plaintiff as incompetent, and the objection was sustained, it being made to appear that Rezin Runey, the witness offered, had an action of replevin pending against the plaintiff *Thompson* for the same property. The costs were not paid, and judgment was entered on the verdict.

*A. L. Collins* and *Edward V. Whiton*, for plaintiff in error, contended, that the objection to Rezin Runey went only to his credibility, and not to his competency. *Bliss v. Thompson*, 1 Mass. 93; 13 id. 197; 4 Barn. & Ald. 410; 1 Yeates, 84; 7 Wheat. 365.

*Chauncey Abbott* and *John Catlin*, for defendant in error, cited 4 Johns. 243 ; Roscoe, Ev. 357 ; 4 Esp. 164 ; 5 id. 272 ; 2 Campb. 92.

MILLER, J.  The defendant *Bartley Runey*, in this action of replevin, pleaded property in one Rezin Runey. Upon the trial said Rezin was offered as a witness on the part of the defendant, which offer was objected to by plaintiff, and overruled by the court.  It appeared to the court that said Rezin had at the same time, an action of replevin pending for the same property.

The difference between an interest in the question, and interest in the event of the suit, is well understood.  The former may materially affect the credit of the witness, but can never destroy his competency.  The interest of a witness, to exclude him, must be direct and not consequential.  In general the liability of a witness to a like action, or his standing in the same predicament, with the party sued, if the verdict cannot be given in evidence for or against him, is an interest in the question, and does not exclude him.  *Evans v. Eaton*, 7 Wheat. 365. The judgment in this case cannot affect the cause of the witness pending.  Legally, he is indifferent as to the event of this cause.  He is neither to gain or lose by the decision, whether for or against the defendant.  In his case, this record cannot be read in evidence.

That he is a competent witness on the part of the defendant, is conclusively settled.  In the case of *Wood v. Wilkinson*, 4 Barn. & Adolph, it is decided, that in trover, the owner of the property in question is a competent witness to prove property in himself.  Also in *Mix v. Cutting*, 4 Taunt. 18.  In *Bush v. Lyon*, 9 Cowen, 52, it is decided, that one who claims property in himself, in the chattel in question, in an action of trover, is a competent witness for the defendant to show such property, whether it be special or general.  The same doctrine is laid down in Starkie on Evidence, 1508. In *Page v. Weeks*, 13 Mass. 199, it is decided, that in

replevin, where the defendant pleaded property in one Stevens, he (Stevens) was a legal witness to sustain this plea.

The point is so clearly settled, that the judgment of the district court must be reversed with costs.