DENNIS W. FERRALL, *vs.* ALICE L. KENT.—*December* 1846.

*K* rented a farm from *A*, upon the following terms:—he was to give to *A* one-half of every thing that was made. The tenant was to carry all the crops to market, and to pay *A* one-half of the proceeds, after sale. Under this contract, *K* made a crop of tobacco, and assigned in writing all his interest therein to *F*, who was to have the crop prepared for market and sold, and to pay over to *A* one-half of the net proceeds. The tobacco was left in the possession of *A's* agent, and the tenant retained possession of no part thereof, after the execution of his agreement with *F*. HELD: that the contract between *K* and *A* created the relation of landlord and tenant; that it vested in each a joint interest in the crop, and that neither *K* nor his assignee, could maintain an action of replevin for it against *A*.

Where the judges of the county court are equally divided upon the admissibility of evidence, it is not suffered to go to the jury,

But if the proof has been received, and the division arises upon a motion to strike it out, then the motion is lost.

APPEAL from *Prince George's* county court.

This was an action of *replevin* for five thousand pounds of tobacco, brought on the 23rd December 1842, by the appellant against the appellee, who pleaded *non cepit*, and property in a stranger.

In the trial of this cause, the plaintiff to maintain the issues on his part joined, proved to the jury by the testimony of *Thomas H. Kent*, that in the year 1839 he rented of the

defendant a farm in *Prince George's* county, for the years 1840 and 1841, on the following terms :—that he was to give the defendant, one-half of every thing that was made, he, the witness, to carry all the crops to market, and to pay her one-half of the proceeds after sale; that under this contract with the defendant, he worked the farm for the year 1841, and made, among other things, about twenty thousand pounds of tobacco.

The plaintiff further proved by the said witness, that in December 1841, he executed the following paper.

"Know ye, that I, *Thomas H. Kent,* of, &c., being about to leave the State aforesaid, for the State of *Arkansas,* and being indebted to *Dennis W. Ferrall,* and the estate of *Thomas Ferrall,* jointly, in the just and full sum of $307.73, and being desirous of securing the payment of the same, do hereby for that purpose, bargain, sell, and make over, unto the said *Dennis W. Ferrall,* his heirs and assigns, all my part, interest and claim, in and to the crop of tobacco made by me in the year 1841, on the plantation of *Mrs. Alice L. Kent,* he, the said *Ferrall,* to have the said crop prepared for market, and sold to the best advantage; and after deducting all necessary expenses attendant upon the same, shall pay over to the said *Mrs. A. L. Kent,* one-half of the net proceeds of the whole crop, made as aforesaid ; the other half the said *Dennis W. Ferrall* is to apply to the debts hereinbefore mentioned; and if any balance should remain in his hands after such application, he shall pay the same over to *Mrs. A. L. Kent,* and take her receipt for the amount. In witness whereof, I have hereunto set my hand and seal, this 24th December 1841.

THOS. H. KENT.   ( Seal. )"

Which included the crop of tobacco made on said farm, for 1841, to recover a part of which, the present action is brought; and also proved by said witness, that the said tobacco was left by him in the possession of the defendant's agent, and that he retained possession of no part thereof, after the execution of said paper.

The defendant prayed the court, to exclude from the jury the said bill of sale, as inadmissible evidence to prove title in the plaintiff to the tobacco contained in the said bill of sale;

and the court being divided in opinion, it was insisted on by the plaintiff, that the said paper must be read to the jury, unless excluded by the judgment of the court, on the defendant's prayer; but the court, after being thus divided, were of opinion, by reason of said division of opinion, that said paper could not go to the jury, and refused to permit the same to be read. To which opinion of the court, (MAGRUDER, C. J., and C. DORSEY, A. J.,) the plaintiff excepted.

The plaintiff appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE and MARTIN, J.

By T. F. BOWIE, for the appellant, and
By C. C. MAGRUDER, for the appellee.

MARTIN, J., delivered the opinion of this court.

This was an action of *replevin,* instituted in *Prince George's* county court, to recover from the defendant five thousand pounds of tobacco. To the declaration the defendant pleaded *non cepit,* property in the defendant, and property in a stranger, on which pleas issues were joined.

At the trial of the cause, the plaintiff below proved, by *Thomas H. Kent,* that in the year 1839, he rented of the defendant her farm, for the years 1840 and 1841, on the following terms :—He was to give the defendant one-half of every thing that was made; he was to carry all the crops to market, and to pay her one-half of the proceeds after they were sold; that under this contract he worked the farm for the year 1841, and made, among other things, about twenty thousand pounds of tobacco.

The plaintiff further proved by the witness, that in December 1841, he executed the paper, set out in the bill of exceptions, of the 24th of December 1841; that it included the crop of tobacco made by the defendant in 1841, to recover a part of which the present action is brought, and that it was left by him in the possession of the defendant's agent, and he retained possession of no part of it after the execution of the instrument of writing referred to.

In this condition of the case, the defendant prayed the court to exclude from the jury the said bill of sale, as inadmissible evidence to prove title in the plaintiff to the tobacco in question; and the court being divided in opinion, it was insisted by the plaintiff, that the paper must be read to the jury. The court, however, determined, that by reason of a division of opinion, the paper could not go to the jury, and refused to permit the same to be read. From this opinion the appellant appealed, and it forms the subject of the only exception taken in the cause.

It is apparent from the record, that the paper thus offered in evidence, was not read to the jury. Objection was taken to its admissibility, by the counsel for the defendant, in the form of a prayer, as soon as it was offered, and upon this question the court was divided in opinion.

That this is a correct view of the case, is placed beyond controversy by the language of the court. They say distinctly, that the paper could not go to the jury, and declare, that it was not to be read. In this state of the question, the court below decided correctly, that by a division of opinion, the evidence was lost. The rule is, that when testimony is objected to, it cannot be admitted, unless sustained by the judgment of the court.

If the paper had been read to the jury, without objection, and upon a prayer by the defendant to strike it out of the cause, the court had been divided in opinion, the aspect of the question would have been changed, and the evidence could not have been excluded.

As we think the court below committed no error in the opinion expressed by them, it becomes necessary to consider the question, whether the evidence itself was admissible, to prove title in the appellant to the tobacco in question?

This question is free from difficulty. It is plain, we think, that the contract between *Thomas H. Kent* and *Alice Kent*, created the relation of landlady and tenant, and vested in each of them a joint interest in the crops. This being so, assuming that the bill of sale transferred to *Dennis W. Ferrall* the part of *Thomas H. Kent*, in the crop of tobacco made by him in

1841, it would have constituted a tenancy in common between *Ferrall,* as the grantee of *Thomas H. Kent,* and *Mrs. Kent;* and under such circumstances an action of replevin could not be maintained. 1 *H. & G.,* 322.

Upon this ground also, we think the evidence offered by the plaintiff below was inadmissible, and that the judgment of the county court must be affirmed.

JUDGMENT AFFIRMED.