## ROBERT JOHNSON *vs.* ALONZO F. NEALE.

A plaintiff in replevin, like plaintiffs in other actions, must maintain his case on the strength of his own title; and if he fails to show a title in himself, it is immaterial whether the defendant has or has not any title.

REPLEVIN of two horses.    The pleadings are sufficiently stated in the opinion.

At the trial in the superior court, before *Allen,* C. J., the plaintiff offered evidence tending to show that on the 3d of December 1861 he concluded a purchase of the horses from Horace Caldwell, and received them into his possession. It appeared that they had formerly belonged to Jonathan I. Caldwell, and remained in his possession as his property up to the time of his insolvency, the first publication of the notice of which was made on the 28th of December 1860. David Thaxter was subsequently duly appointed assignee of his estate, and never took possession of or sold or conveyed the horses, and did not know that they belonged to Jonathan's estate until the time of the trial. The proceedings in insolvency were still pending. After the plaintiff's purchase, he employed Jonathan to keep them for him; and while they were so kept, the defendant, who was a deputy sheriff, took them away upon a writ against Jonathan.

The defendant offered evidence tending to show that the purchase by the plaintiff was merely colorable. The judge ruled that evidence of any facts which tended to show that the purchase by the plaintiff and the sale to him were not intended to be an actual purchase and sale, or to convey any title to him, or that the object of the sale was merely to enable Jonathan I. Caldwell to hold the horses and prevent them from coming to his assignees, or that he was keeping them for his own benefit and not as an agent of the plaintiff when the defendant took them away, was admissible ; and, evidence whereby the defendant claimed to prove these facts having been introduced, the judge instructed the jury that, if proved to their satisfaction, these facts would constitute a defence to the action ; but if they

should find that the plaintiff purchased the horses with the intention and purpose to take title, and that Jonathan was keeping them for him in pursuance of such intention and purpose when the defendant took them away, this would be such a title as would enable the plaintiff to maintain his action, and the defendant could not defeat such title merely by showing that it might be avoided by the assignee in insolvency of Jonathan, or, in other words, under such a state of facts evidence that the horses were the property of Jonathan at the time of his insolvency, and of the general assignment of his effects to Thaxter, would not constitute a defence to this action, although the jury should believe that the plaintiff knew that the horses were Jonathan's up to the time of his insolvency, the defendant showing no title under Thaxter, or that any act of ownership over the horses had been exercised or claimed by him.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. C. Clark*, for the plaintiff.

*J. W. May*, for the defendant.

METCALF, J. It is established law that the action of replevin can be maintained only by him who has property, general or special, in the cattle or goods which are the subject of the action, and a right to the immediate possession of them. Co. Litt. 145 *b*. 14 Petersd. Ab. 253. *Waterman* v. *Robinson*, 5 Mass. 304. *Wheeler* v. *Train*, 3 Pick. 255. Hence it has always been a good plea in bar of the action, that the cattle or goods are not the property of the plaintiff. Com. Dig. Pleader, 3 K. 12. Story's Pleadings, (2d ed.) 456. *Page* v. *Weeks*, 13 Mass. 199. *Whitwell* v. *Wells*, 24 Pick. 25. And since special pleas in bar are abolished in this commonwealth, and an answer is required to be filed in place thereof, such answer is good and sufficient if it duly sets forth a ground of defence which might formerly have been well pleaded in bar. Such an answer has been filed by this defendant; namely, that the horses mentioned in the plaintiff's writ were not the property of the plaintiff. And the question is, whether the last instruction that was given to the jury, on the trial, was correct; that is, whether the facts on

which, under that instruction, the jury must have found a verdict for the plaintiff, showed that he had "such a title to the horses as would enable him to maintain this action against this defendant." Our opinion is that this instruction is not sustainable. Those facts do not show that the plaintiff has any property, general or special, in the horses, but do show that he had not. Jonathan I. Caldwell's assignee was the sole legal owner of them, under the conveyance to him of said Caldwell's estate, real and personal, by the judge of insolvency, (Gen. Sts. c. 118, §§ 42, 44,) and through the assignee alone could the plaintiff acquire any property in them. But the assignee never sold nor transferred them to any one. Horace Caldwell, therefore, had no title to them, and could not convey any to the plaintiff. As they were fraudulently withheld from the assignee, and knowledge that they were the property of the insolvent debtor was fraudulently concealed from him, his omission to exercise or claim any ownership of them was not a parting with his right of property. He is still the legal owner of them. And it is unimportant whether the plaintiff took his bill of sale of them *bona fide* or otherwise. Story on Sales, (3d ed.) § 201.

A plaintiff in replevin, like plaintiffs in other actions, must maintain his case on the strength of his own title or claim. It is immaterial whether the defendant has or has not any title, if the plaintiff fails to show any in himself. When the plaintiff so fails, the possession of the replevied property as a general rule ought to be restored to the defendant, who, if he be not the true owner, will be answerable for it to such owner. *Hubloun's case*, Skin. 65. *Parker* v. *Mellor*, 1 Ld. Raym. 217. *Presgrave* v. *Saunders*, 2 Ld. Raym. 984, and 1 Salk. 5. *Quincy* v. *Hall*, 1 Pick. 357, 360. *Whitwell* v. *Wells*, 24 Pick. 32. *Dawson* v. *Wetherbee*, 2 Allen, 461. *Simcoke* v. *Frederick*, 1 Carter, (Ind.) 54. *Marienthal* v. *Shafer*, 6 Iowa, 223.

*Exceptions sustained.*