## CLARA M. BROWN ET AL. *vs.* GIBSON A. RAVENSCRAFT.

*Delay in Transmission of Record—Non-joinder of Plaintiff
in Action of Replevin—Plea in Abatement.*

When the clerk of the Court fails to transmit the record on
an appeal within the time prescribed because he assumes
that a certain amendment should be made, but is not directed
by the appellant to retain the record, the delay is not to be
attributed to the appellant and the appeal will not be dismissed.

In an action of replevin, all the owners in common of the
property should join as plaintiffs, but the non-joinder of one
cannot be taken advantage of except by. plea in abatement.
Pleading over to the merits is a waiver ot it.

Appeal from the Circuit Court for Allegany County
(SLOAN, J.).

The cause was argued before McSHERRY, C. J.,
BRYAN, FOWLER, BRISCOE, PAGE, BOYD and PEARCE, JJ.

*George A. Pearre* (with whom was *R. T. Semmes* on
the brief), for the appellants.

*A. A. Doub* and *W. C. Devecmon*, for the appellee.

PEARCE J., delivered the opinion of the Court.

A motion to dismiss has been filed in this case on
the ground that the record was not transmitted to this
Court within three months from the time the appeal
was taken. The judgment was rendered October 23d,
1897, and the order for appeal was filed November 15th,
1897. The time for signing the bill of exceptions was
extended several times by order of Court to December
30th, 1897, and the bill of exceptions was filed January

3d, 1898. The transcript of the record was certified April 1st, 1898, and was filed in this Court April 2d, 1898. The three months allowed for the transmission of the record expired February 15th, 1898, six weeks before the same reached this Court, but the affidavit of W. O. Hoffman, deputy clerk, whose duty it was to prepare and transmit this record, shows that immediately after the bill of exceptions was filed, Mr. Pearre, one of the appellant's attorneys, directed him to prepare the record and transmit the same to this Court; that he at once proceeded to prepare the record, but observing that an amendment, for which leave had been asked and granted, had not in fact been made; that he stopped work thereon without any order from appellant's attorneys, and notified the attorneys of both parties of the situation and asked whether in making up the record the amendment should be treated as made, but there was delay on the part of the attorneys of the appellees in determining whether they would so agree, though said attorneys stated they would take no advantage of such delay; that subsequently they declined to enter into such agreement, and that thereafter the record was made up and transmitted, and that the failure of the clerk to transmit the same within the time prescribed, was due to the failure of the attorneys to agree upon the amendment as if made. In another affidavit, made on the following day, the deputy clerk states that the conversations with the attorneys. referred to in his previous affidavit, occurred early in February, and that thereafter he held the unfinished record in his desk awaiting instructions from appellant's counsel, until shortly before April 1st, 1898, when Mr. Pearre told him the agreement could not be effected, and directed him to send on the record, which he did April 1st, 1898, and was paid for it on that day. There is no averment in this affidavit that this holding of the record was by the direction, or even with the knowledge, of appellants' attorneys, and it distinctly appears from the affidavits of Messrs. Pearre and Semmes, that neither of them directed or requested any delay in the matter; and Mr. Pearre's

affidavit, which is not contradicted by that of the clerk, states that during this period of delay he several times urged upon the clerk the preparation of the record— and that in no event should he fail to transmit the same in due time. The affidavits of Messrs. Devecmon and Doub deny that either of them had anything to do with causing the delay in preparing and transmitting the record, but they equally fail to show that appellants' attorneys were connected therewith. The proof is clear from all the affidavits taken together, that the deputy clerk regarded the amendment as of primary importance, and the inference is very strong that after bringing the situation to the notice of the respective attorneys, he *assumed* he should await further orders before transmitting the record. But in this he was in error, and we think the proof rebuts the usual presumption that the delay was the fault of the appellants. The motion to dismiss will therefore be overruled.

This is an action of replevin brought by the appellants to recover one hundred and twenty-five cords of bark, alleged to be their property. The defendant pleaded *non cepit*, and property in a stranger. An agreement was offered in evidence between the plaintiffs and three others on the one part, and Geo. W. Parsons on the other part, by which Parsons was constituted their agent to sell certain surface products of several tracts of land, recited to belong to the parties of the first part as tenants in common; also a contract between their said agent and one Henry F. Blee, for the purchase of sawn timber from one of said tracts, and an assignment of said contract from Blee to the Westernport Lumber Company, and from said company to the defendant. Proof was also made that defendant entered upon said tract, and cut and removed one hundred and twenty-five cords of bark, the value of which was proved. The plaintiffs also offered evidence showing that the tract in question passed from the patentees by mesne conveyances to Geo. Wm. Brown, Frederick W. Brune, Lucas M. Miller, trustee, Henry Baumgardner, John D. Skiles, assignee of Thomas Baumgardner, and Mer-

win McKaig as tenants in common, in certain propor-
tions which were proved, and further proved that Geo.
Wm. Brown and Frederick W. Brune were both dead
and that Clara M. Brown and Emily S. Brune, two of
the plaintiffs, who signed said agreement, were the
widows respectively of Geo. Wm. Brown and Frederick
W. Brune. The replevin bond was filed in behalf of
the appellants only, who were the only plaintiffs in the
suit. There was thus a variance as to the ownership
of the bark between the proof derived from the agree-
ment and the pleadings and the bond, the former show-
ing that three of those enumerated as tenants in com-
mon did not join in the action; and there was also a
variance as to the ownership of the land between the
pleadings and the bond and the deeds offered in evi-
dence, it appearing from the latter that two of the plain-
tiffs, Clara M. Brown and Emily S. Brune, had no ap-
parent title to the land. The defendant produced no
evidence, but offered two prayers, asking the Court to
instruct the jury that if they found these two variances,
their verdict must be for defendant. The Court gave
these instructions, to the granting of which the plain-
tiffs excepted, and the verdict being for the defendant
this appeal was taken. The question thus presented is,
whether in an action of replevin the non-joinder of a
co-plaintiff can be availed of otherwise than by plea in
abatement, a question which does not appear to have
arisen in this State.

The general rule is well settled that in actions for
torts, the non-joinder of proper parties plaintiffs must
be taken advantage of by plea in abatement when not
apparent on the face of the record. It is thus laid down
in *1 William Saunders,* 291 I, note n, where it is said by
way of illustration " if goods be taken out of the posses-
sion of one of several executors, he may sue alone to
recover them." *Idem,* 291 K, note n; *Godolphin's Prec.,*
ch. 16, sec. 1; *1st Wentworth,* 224; *Addison* v. *Overend,*
6 Term Rep. 766; *Sedgworth* v. *Overend,* 7 Term Rep.
279; *Broadbent* v. *Ledyard,* 11 A. and E. 209.

In this country the same general rule prevails. *Wheel-*

*wright* v. *De Peyster*, 1 Johns. 471; *Brotherson* v. *Hodges*, 6 Johns. 108.

The last case was trespass *q. c. f.* and the Court said " though all the tenants in common do not join, the defendant cannot take advantage of the omission at the trial, or in any other way than by pleading it in abatement. This is the rule in action for torts." See also *Gilbert* v. *Dickinson*, 7 Wendell 449; *White* v. *Webb*, 15 Conn. 302. " A defendant in an action of tort must plead the non-joinder of a co-plaintiff in abatement, and cannot rely upon it to defeat the action under the general issue, or avail himself of it for that purpose by plea in bar, arrest of judgment, or otherwise." *Philips* v. *Cummings*, 11 Cush. 470. This rule was approved in *Gent* v. *Lynch*, 23 Md. 64, and in *Dailey* v. *Grimes*, 27 Md. 440.

The view which led to the establishment of this rule is clearly expressed by LORD DENMAN in *Broadbent* v. *Ledyard*, 11 A. and E. 209, as follows: " In suing upon contracts, the rule has certainly been that all the contracting parties must be joined as co-plaintiffs, and advantage may be taken of the non-joinder without a plea in abatement; but as no express authority has been shown for the application of this rule to the action of detinue, we shall decide against the defendant; " and PATTERSON, J., said, " The rule as to the consequences of the non-joinder of parties as plaintiffs in actions founded on contract, is not satisfactory in principle, and ought not to be extended."

We do not understand the defendant here to deny that the general rule is as we have stated, but he does earnestly contend that it cannot properly be applied in actions of replevin, where the judgment is usually for delivery of the property to the plaintiff if he is successful, because, he says, if two or more suits are instituted against the same defendant for the same personal property, these judgments could not both be executed and hence that the non-joinder of a co-plaintiff may be availed of under the general issue, and he contends that the authorities sustain this contention. It is difficult to

understand, since the end in view is to present the case
in such shape as will produce a clear issue and conclude
the rights of all proper parties, and since the function
of a plea in abatement is to give a better writ, why the
general rule should not be applied to actions in replevin,
because, if applied, the very difficulty invoked by the
defendant would then vanish.   He relies chiefly upon
Massachusetts and Pennsylvania decisions, some of
which we will now consider.   The leading case is *Hart*
v. *Fitzgerald*, 2 Mass. 510, decided by CHIEF JUSTICE
PARSONS in 1807.   After verdict for plaintiff, defendant
moved in arrest of judgment on the ground that plaintiff
was only one of two tenants in common.   The Court
said : " This irregularity is not pleaded in abatement or
in bar, but it appears from the plaintiff's own showing
in the writ, in which he claims only an undivided moiety
of the chattels taken and detained, and it is a question
whether he can take advantage of this defect thus ap-
pearing, or whether he must have pleaded it in abate-
ment.   If there is an analogy in the principles regulating
the form of actions for injuries to chattels, and of actions
of replevin, it would seem from the case of *Addison* v.
*Overend* that he should have pleaded in abatement.   But
is there such an analogy? "   Pursuing this inquiry, the
Court held that " there were strong distinctions between
actions for injuries done to chattels in which only dam-
ages are demanded, and actions of replevin in which the
property is to be delivered to the plaintiff " and accord-
ingly held that where a substantial defect in the writ
appeared in the record, the Court should *ex officio* abate
the writ.   This case was fully considered by JUDGE
STORY, and disapproved, twenty years later, in the case
of *De Wolf* v. *Harris*, 4 Mason's Circuit Court Rep. 538.
That was an action of replevin for twenty-three cases of
silk.   The pleas were *non cepit* and property in a
stranger.   JUDGE STORY said : " Another objection to
the plaintiff's right of recovery in this action is that Cap-
tain Meek was a joint owner with the plaintiff in the
twenty-three cases of silk; and that in an action of re-
plevin, no recovery can be had by one part owner with-

out joining the other part owners as plaintiffs in the suit. The doctrine is undoubtedly true, that where a personal chattel is owned by several persons, all ought to join in a writ of replevin for it; and one part owner has no right to bring such suit severally for his own share. If he does, and the objection is taken by way of plea in abatement, the writ will abate, and if he sues for a moiety only in his writ, the Court will *ex officio* abate it. But I am clearly of opinion that where the action is brought for the whole chattel, the exception is pleadable in abatement only, and is not a plea to the merits; and that pleading over to the merits is a waiver of it. In this case my judgment would be that the exception, if it were well grounded, comes too late; it is not proper evidence under either of the pleas filed by the defendant. The defendant has no right to retain the property, unless it belonged to Geo. De Wolf, the plaintiff's brother, and it is of no consequence to him (defendant) if the plaintiff is part owner only, for as against everyone but the other part owner, or some person claiming his title, he has a right to the possession of the whole, *a fortiori* he has against a wrong-doer. Nor do I think that the cases cited from the Massachusetts reports contradict this doctrine, and if there be any contradiction in them, I should incline to follow the earlier authorities as standing on the better legal reasoning."

The cases referred to were *Hart* v. *Fitzgerald, supra; Portland Bank* v. *Stubbs*, 6 Mass. 422; *Gardner* v. *Dutch*, 9 Mass. 427; *Page* v. *Weeks*, 13 Mass. 199; *Ladd* v. *Billings*, 15 Mass. 15, and of the same character are the later cases, of *Hackett* v. *Potter*, 131 Mass. 50; *Fay* v. *Duggan*, 135 Mass. 242, and *Corcoran* v. *White*, 146 Mass. 329. The authority of JUDGE PARSONS is very high, but that of JUDGE STORY may be safely regarded as higher. Besides, JUDGE STORY points out that in *Hart* v. *Fitzgerald* the defect appeared in the plaintiff's writ, which showed upon its face that he sued only for a moiety of the logs, whereas in *De Wolf* v. *Harris*, as in the case at bar, the plaintiff sued for all the chattels mentioned in

the writ.  This is an important distinction, since it
removes all difficulty as to delivery of an undivided in-
terest.  This was adverted to by the Court in *Hackett* v.
*Potter, supra,* which was replevin for seven-eighths of
a vessel, and where it was said, " It is not necessary to
consider whether a part owner of a chattel may main-
tain replevin for the whole chattel against a defendant
who has no right to it, if the non-joinder of the other
owner is not pleaded.  That is quite a different question
from the one here presented.  The decisive objection to
this action is, that it calls for the delivery of a fractional
part of a chattel to the plaintiff, of which delivery cannot
be made without delivering to him the whole chattel, in
which others have rights of ownership."          .

In *Wright* v. *Bennett,* 3 Barbour 451, it was held on
full consideration, that the principle that in actions *ex
delicto,* the omission of a party who ought to join as a
co-plaintiff, can only be objected to by plea in abate-
ment, or upon the trial in mitigation of damages, applies
to the action of replevin, and an able and instructive
opinion was delivered by JUDGE ALLEN, afterwards a
distinguished member of the Court of Appeals of New
York.  In that case, as in this, the action was replevin
in the detinet, and the pleas were the same as here.  Mr.
Poe classes detinue among the actions *ex delicto* (*1st
Poe's Pleading,* sec. 152) and states (sec. 156) that it is
for the most part superseded by replevin, and (sec. 301)
that it is preferable to replevin where the plaintiff is
indifferent whether he recover the goods or the value.
In *Benesch* v. *Weil,* 69 Md. 274, this Court said: " The
difference resulting from the form of allegation in re-
plevin is, that where the declaration is in the detinuit,
the plaintiff, if he recovers, has adjudged to him the
*right of possession* of the goods and chattels and dam-
ages for their *detention only,* but where the declaration
is in the detinet, the plaintiff, if he be entitled to recover,
is entitled to have awarded him as well the *value of the
goods* as damages for their detention."  That authority
relieves this case of all difficulty as to the form and
execution of any judgment which may be obtained by

the plaintiff, and is in entire accord with the principles announced in *Wright* v. *Bennett*, as follows: " The plaintiff, as one of the joint owners of the property, is entitled to the possession as against a stranger, in which position the defendant stands, as he does not connect himself with the title of the other owners, who have been omitted as plaintiffs, and there is great propriety in holding him to his plea in abatement if he desires to avail himself of that omission, and the bare fact that the plaintiff, with others, and not alone, owns the property, is no bar either under the plea of non-detinet, or when specially pleaded, though it would be proper matter for plea in abatement. There is certainly nothing in the nature of the action to distinguish it from any other action of tort. As a stranger, there is no good reason why he should be permitted, by a technical defence, to defeat the claim of a person entitled to the possession of the property as against him. The property has been taken from him (under the writ) by a person lawfully entitled to it, and he cannot be made liable to the other joint owners; or if the property has not been actually replevied and delivered, and the action is prosecuted to recover the value, the ownership of the others can be given in evidence in mitigation of damages. The caption is equally tortious, when committed by a stranger, whether the possessor is the sole owner of the property, or the owner in common with others. In *Hart* v. *Fitzgerald*, 2 Mass. Rep. 509, the judgment was arrested, not because one of several joint owners had brought replevin for it, without joining the others, but because he had brought action for an undivided share which could not be delivered."

The doctrine of *Wright* v. *Bennett* is held in *Chaffee* v. *Harrington*, 60 Vt. 718. Chaffee and Crampton jointly owned the horse in controversy, which was in Chaffee's possession, when it strayed away and was seized by Harrington, and the Court said: " One joint owner can maintain replevin in his own name to recover a chattel against one whose right to it is not superior to his." This decision was under a statute that where goods are

unlawfully taken or detained from the owner, or person entitled to the possession thereof, such owner or other person may cause them to be replevied, but it is not perceived that such a statute can afford any better grounds for such right to recover, than do such decisions of this State as *Cumberland Coal Co.* v. *Tilghman*, 13 Md. 79, and *Smith* v. *Wood*, 31 Md. 293, which declare that the right of possession alone will sustain this action. The Maryland cases of *McElderry* v. *Flannigan*, 1 H. & G. 308; *Ferrall* v. *Kent*, 4 Gill 209, and *Cheney* v. *The Eastern Transportation Company*, 59 Md. 561, cannot be regarded as going farther than holding that one tenant in common cannot recover in replevin from his co-tenant, because their right of possession is in all respects equal. In *Newton* v. *Gardiner*, 24 Wisconsin 232, it was held where in replevin the verdict finds plaintiff and defendant to be tenants in common of the property, possession may be awarded to one of them, if the evidence shows an agreement to that effect between them, but we have no occasion to express any opinion whether this would be so held in Maryland. The appellant relies also upon *Reinheimer* v. *Hemingway*, 35 Pa. St. 438, in which Judge Strong said that the plea of property in replevin imposes on plaintiff the necessity of establishing his title and his right to the possession, and that this right must of necessity be exclusive in order to warrant a delivery of the property to him. This case was pressed upon the Supreme Court of Pennsylvania in *Ferguson* v. *Rafferty*, 128 Pa. St. 361, but the Court declined to be bound by it, as the defendant there set up an adverse title to the property derived in good faith from the other co-tenant, whereas in *Ferguson* v. *Rafferty*, as in the present case, "the defendant literally claimed upon the very title which he derived from the plaintiff and sought to impeach it for the mere purpose of avoiding payment of the purchase money, which he certainly cannot do."

We adopt the reasoning and results of the decisions in the cases of *De Wolf* v. *Harris*, 4 Mason's Ct. Ct. Rep.; *Wright* v. *Bennett*, 3 Barbour 451, and *Ferguson* v. *Rafferty*, 128 Pa. St., and we are therefore of opinion

that the two prayers of the defendant by which the jury were practically directed to find for the defendant should have been rejected.

For the error in granting these prayers the judgment below must be reversed.

*Judgment reversed with costs above*
*and below and new trial ordered.*

(Decided June 29th, 1898.)