EARL *v.* ANCHOR PONTIAC BUICK, INC., ET AL.

[No. 358, September Term, 1966.]

654

Decided May 12, 1967.

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Melvin J. Sykes* and *Sanford J. Rosen,* with whom were *Paul Berman* and *A. Harold Dubois* on the brief, for appellant.

*William T. Russell, Jr.,* with whom were *Leonard H. Lockhart* and *Baker & Lockhart* on the brief, for appellees.

OPPENHEIMER, J., delivered the majority opinion of the Court. BARNES, J., dissents. Dissenting opinion at page 660, *infra.*

Litigation which began as an attack upon the rule of *lex loci delicti* has become transmuted into a question of whether the case should be remanded because of developments subsequent to the proper entry of a final judgment.

The appellant filed suit in the Circuit Court for Cecil County to recover damages for personal injuries sustained by him on or about February 5, 1964, when the appellees' vehicle, in which the appellant was a passenger, was involved in an accident in the State of Delaware. The appellant's declaration alleges a cause of action in the usual Maryland form for negligent personal injury by automobile, and states that the appellant was a "guest passenger". There are no allegations as to the nature of the trip. It is undisputed that the declaration states a good cause of action under the Maryland law. The appellees demurred to

the declaration in reliance upon the Delaware Guest Statute, which, on its face, precludes recovery on the bare allegations of the declaration. Counsel agree that, at the hearing on the demurrer, the appellant acquiesced in the order of the court below sustaining the demurrer without leave to amend so that this Court would have a record on which to re-examine the *lex loci delicti* rule. At no time was the lower court requested to allow amendments to the declaration. The order below was entered on June 24, 1966, and this appeal was taken within thirty days thereafter.

After the order below, the appellant employed additional counsel (the same counsel who argued the appeal before this Court). As a result of his research into the Delaware law, another declaration was filed on behalf of the appellant in the Circuit Court for Cecil County, on November 9, 1966, while this appeal was pending. At the oral argument before us, copies of the new declaration were filed in the proceedings, without objection. In brief, the new declaration alleges that Anchor Pontiac Buick, Inc., a Maryland corporation, and its salesman, James G. Crouse, a Maryland resident (the appellees here and the defendants in the new action), were transporting the appellant (also a resident of this State) for their benefit as well as his, in the successful endeavor to make a sale of an automobile, and that the trip was an essential element in consummating the sale. The appellant contends that under these facts, details of which are set forth in the new declaration, under the decisions of the Delaware courts, the Delaware Guest Statute does not apply.

There was another development after the appeal was entered. On November 11, 1966, we filed our opinion in *White v. King,* 244 Md. 348, 223 A. 2d 763 (1966). That case involved the Michigan Guest Statute. In our opinion, we summarized the weighty criticisms which have been made of the *lex loci delicti* rule which has been followed in this State. We referred to the new rule which had been proposed in a tentative draft of Restatement, Second, *Conflict of Laws* § 379, and the adoption of the proposed new rule by several highly respected courts. We considered also the reasons for the retention of the old rule, and pointed out that the proposed Restatement was not yet in

final form and that, in several of the jurisdictions which have discarded *lex loci delicti,* the rule which is to take its place seems still in the process of development. We decided that, in the present state of the law, we would leave any change in the established doctrine to the Legislature.

The appellant, while disagreeing with our conclusion in *White,* recognizes that it negates the legal theory on which his original case was brought. He now asks that the case should be remanded under Maryland Rule 871 a. to give him an opportunity to apply for leave to amend his declaration in accordance with the facts set forth in his new action, or, in the alternative, that the affirmance of the judgment below be without prejudice to the prosecution of the new action.

There is no question of the correctness of the action of the court below in sustaining the demurrer without leave to amend. Under the Maryland law of *lex loci delicti* as it was at the time of the court's ruling and as it is now, the Delaware law applied; no facts were alleged in the original declaration which could serve as a basis for the argument that the Delaware Guest Statute was not applicable under the decisions of the Delaware courts. Maryland Rule 320 d 1 (b) and our decisions thereunder [see *Town of Somerset v. Montgomery County Bd. of Apps.,* 245 Md. 52, 61-62, 225 A. 2d 294 (1966), and cases cited therein] emphasize the principle that leave to amend shall be freely granted in order to promote justice, but in this case the appellant did not ask leave to amend either before or after the demurrer was sustained.

Maryland Rule 871 a. (the Rule) reads as follows:

> "If it shall appear to this Court that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment from which the appeal was taken, or that the purposes of justice will be advanced by permitting further proceedings in the cause either through amendment of the pleadings, introduction of additional evidence, making of additional parties, or otherwise, then this Court, instead of entering a final order affirming, reversing or modifying the judgment from which the appeal was taken, may order the case to be remanded to the lower

court. Upon remand to the lower court, such further proceedings shall be had by amendment of the pleadings, introduction of additional evidence, making of additional parties, or otherwise, as may be necessary for determining the action upon its merits as if no appeal had been taken and the judgment from which the appeal was taken had not been entered; provided, however, that the order entered by this Court in remanding said case, and the opinion of this Court on which said order is passed, shall be conclusive as to the points finally decided thereby. In such an order remanding a case, this Court will express the purpose for so remanding and in its opinion filed with said order will determine all questions which may have been properly presented."

*Fletcher v. Havre de Grace Fireworks Co.,* 229 Md. 196, 201, 177 A. 2d 908, 183 A. 2d 386 (1962), involved an action to recover for personal injuries and property damages which resulted from explosions on the premises of a fireworks plant. The plaintiff appealed from the sustaining of the demurrers of the individual defendants, insofar as the rulings were adverse to her. This Court affirmed the judgment of the lower court. However, before issuance of the mandate, a motion was filed for modification of the opinion, which alleged that, after the entry of the order below, the appellant had been apprised of facts which could enable her to state a cause of action against the individual defendants. In a four to three decision, the Court modified its original opinion and remanded the case for further proceedings under the Rule, without affirmance or reversal. In his opinion for the majority, Judge Horney referred to the unusual circumstances of the case. Plaintiffs in eleven other similar cases, by stipulation, were bound by the decision. The newly discovered evidence was not available when the order below was entered, so that laches or neglect could not be imputed to the appellant. Judge Horney said:

"The motion to modify is essentially a motion to amend, which, had the case not been appealed, could have been timely filed in the lower court. And, since

the lower court did not consider whether amendment of the declaration should be allowed, we see no reason why the appellant, under the peculiar circumstances of this case, should not be afforded an opportunity to petition the lower court now for permission to amend the declaration so that the lower court, in the exercise of its discretion, may decide whether amendment should be allowed." 229 Md. at 203.

In his dissenting opinion, Chief Judge Brune pointed out that, in previous decisions, the statutory source of the Rule had been construed as requiring that the cause for invoking it must be indicated by the record. He found no distinction between the relief the majority was granting and the remanding of a case for a new trial on the basis of newly discovered evidence, which the Court does not consider except as to such matters as subsequent facts which may render a case moot or lead to a substitution of parties.

As the dissent emphasizes, *Fletcher* holds that, if the circumstances warrant, a case may be remanded under the Rule for reasons outside the record which comes to this Court. In this case, there are not the particular circumstances which were present in *Fletcher*. Here, there is nothing resembling a class suit. There is no newly discovered evidence; all the facts set forth in the new declaration and which, it is stated, will be alleged in an amendment to the declaration in the present action if there is a remand and the right to amend is granted, were known, or could easily have been ascertained, when the original declaration was filed. The Delaware decisions which, it is argued, make the Delaware Guest Statute inapplicable are not new; they were as available when the declaration was filed as they are now. Nevertheless, there are peculiar circumstances which, in our judgment, make it proper to remand the case under the Rule.

The original declaration was based on the theory that the *lex loci delicti* doctrine should not be followed in Maryland, and the case was regarded as a vehicle for a re-examination of the Maryland rule in the light of recent developments in the conflict of laws. *White* was decided pending the appeal, and

aborted the effort to make the case a test one. Had *White* been decided before the order below, leave to amend the declaration might well have been requested and granted.

The nature of the legal question involved is unusual. In *White*, we pointed out that, under the *lex loci delicti* doctrine, hardship might result in a particular case. In that case, we reversed the judgment for the appellee and remanded the case for a new trial because we were of the opinion that the question of whether the appellee was guilty of gross negligence should have been submitted to the jury, under the Michigan decisions in connection with its Guest Statute. Here, the appellant contends that on the facts which he seeks now to allege the Delaware Guest Statute is inapplicable under the Delaware decisions. We do not reach the question of the correctness of his legal argument even if he can prove the additional facts he seeks to allege, and neither express nor intimate an opinion thereon. However, in *White,* we recognized that there was disagreement among eminent authorities on the conflict of laws issue involved, and did not foreclose a re-examination of that question if and when developments in the law might so warrant. Here, as in *White,* the domicile of the parties and the place where their relationship was centered was Maryland. Under *White,* those circumstances do not affect the application of the *lex loci delicti* rule. But if on the actual facts and under the Delaware decisions, the Delaware law would be the same as the Maryland law, despite Delaware's Guest Statute, it would seem unduly harsh, under all the circumstances, to deprive the appellant of an opportunity of endeavoring to prove his contention. Under the doctrine of *lex loci delicti,* the rights of Maryland residents can be determined by the laws of another state, despite the interest of this State in applying Maryland law to its own citizens. In a case such as this, where it may be established that the Delaware and Maryland laws are the same, there seems to us to be a particular reason to allow a judicial determination of the applicability of the Delaware Guest Statute, even though that question does not appear on the record.

The Rule is not to be regarded as a general antidote for the errors of counsel. There must be an end to litigation. The Maryland procedure, with its liberality as to pre-trial discovery and

the right to amend pleadings in due course, re-enforces the principle that, ordinarily, appeals are to be tried on the record. In this case, however, because of the special circumstances involved, we find, under the Rule, that the purposes of justice will be advanced by permitting further proceedings, through the amendment of the pleadings or otherwise.

> *Case remanded, without affirmance or reversal, for further proceedings; costs to be paid by the appellant.*

BARNES, J., dissenting:

Although I am personally sympathetic to the difficulty in which the appellant finds himself in this case, I must dissent because, in my opinion, he is not entitled to have us remand the case without affirmance or reversal pursuant to Maryland Rule 871 a.

As I indicated in my recent dissent in *State v. Giles,* 245 Md. 660, 229 A. 2d 97 (1967), the proper construction of Rule 871 a is that the reason for the remand without affirmance or reversal *must appear from the record in the case before us,* and not from evidence, newly discovered or otherwise, which is not in the record on appeal. There is nothing in the Rule which permits us to take additional testimony on appeal or to consider new evidence or other matters by agreement or acquiescence of counsel. Indeed, to do this results in a departure by us from the appellate jurisdiction vested in the Court of Appeals by the Maryland Constitution and statutes, and results in a trespass by us upon the *nisi prius* jurisdiction vested by the Constitution and statutes in other courts. We have quite enough appellate judicial business without assuming any part of the original jurisdiction of the lower courts. I developed my ideas in this regard in the *Giles* dissent and no more need be said about this aspect of the matter here.

In my opinion, the majority of the Court was in error in its decision on the motion to remand under Rule 871 a in *Fletcher v. Havre de Grace Fireworks Co.,* 229 Md. 196, 183 A. 2d 386 (1962). My views on this unprecedented action by the Court

fully concur with the excellent dissenting opinion in *Fletcher* by Chief Judge Brune, concurred in by Prescott and Marbury, JJ. With respect, I fear that the decision in *Fletcher* is an example of the maxim that "hard cases make bad law." In any event, I think that the holding in *Fletcher* should be strictly confined to the unusual situation in that case, and should not be extended. The result in 11 other similar cases, by stipulation, depended upon the result in *Fletcher* and many other persons who had suffered personal injuries or damage to their property from the explosion of the fireworks factory had deferred filing suit until the appeal in *Fletcher* had been decided. The evidence said to justify an amendment of the declaration in *Fletcher* was alleged to have been discovered after the filing of the original declaration. These extraordinary facts did indeed present a "hard" case to this Court.

In the present case, no other cases depend upon our decision. There is no showing that the facts which appear in the proposed amended declaration (which, in my opinion, should not be before us for consideration) were not known or discoverable when the original declaration was filed, although this may have been the situation.

In my opinion, it would be far better for the appellant to proceed with a new action and that we affirm the ruling on demurrer of the trial court, which is admittedly correct in view of our decision in *White v. King,* 244 Md. 348, 223 A. 2d 763 (1966).