ELLIS CROWE *v.* MERLE HOUSEWORTH D/B/A
HOUSEWORTH LUMBER COMPANY

[No. 353, September Term, 1973.]

*Decided January 9, 1974.*

The cause was argued before THOMPSON, GILBERT and
DAVIDSON, JJ.

*William W. Grant* for appellant.

*C. William Gilchrist,* with whom were *Carscaden, Gilchrist & Getty* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

In this appeal we are called upon to decide whether or not one of eleven joint tenants of a parcel of land may, without the joinder of the other tenants, maintain an action against a trespasser.

By deed dated September 12, 1959 [1] the appellant, Ellis Crowe, together with ten brothers and sisters, were deeded as joint tenants a three hundred fourteen acre farm in Garrett County, Maryland. The deed was from the heirs of the grantees's grandmother. Edward L. Crowe, Sr., the father of the joint tenants, lived on the farm, but he is not one of the title holders. On December 17, 1965, pursuant to an offer prepared by the Maryland Department of Forests and Parks, Crowe, Sr. bargained and sold unto the agent of Merle Houseworth certain "marked standing trees" on the farm in consideration of the sum of seven thousand, two hundred twenty-five dollars and forty-nine cents ($7,225.49). Appellee paid five thousand dollars ($5,000.00) on the date of sale with the balance payable on January 30, 1966. The appellant, on January 12, 1966 filed an action of trespass against the appellee in the Circuit Court for Garrett County. Included in the declaration was a prayer for an injunction to restrain the appellee from entering "upon the lands of the plaintiff." *See* Md. Rule BF40 a. The trial court issued a show cause order on the prayer for injunctive relief. Thereafter the appellee filed a motion raising preliminary objections, Md. Rule 323 a (1, 6 and 8), *i.e.,* lack of jurisdiction over the subject matter, lack of legal capacity to sue on part of the plaintiffs and lack of necessary parties; he simultaneously answered the show cause order. [2] To support

---

1. The deed was not recorded until January 4, 1960.
2. The basis for the lack of jurisdiction over the subject matter claim, Md. Rule 323 a(1), is that the declaration did not allege that the appellant was entitled to possession of the land. This contention was not discussed by

his position that the appellant lacked the capacity to sue, the appellee alleged that the appellant was one of eleven persons to whom the property had been conveyed as joint tenants and he was, therefore, not the owner of the land in question. Judge Stuart F. Hamill ruled that "[J]oint tenants must sue and be sued jointly in all matters relating to the joint property." He then granted the motion raising preliminary objections and dismissed the suit. The appellants immediately requested leave to amend so as to have the remaining · ten joint tenants join as parties plaintiff. Apparently at some time during the seven and one-half years that this case had been pending the other joint tenants had a change of heart and decided to join the suit. The appellee suggested that the statute of limitations had run its course as to the other joint tenants, and their right to maintain the action for trespass had been extinguished. *See* Md. Ann. Code Art. 57, § 1.

In order to better understand the restrictions that the courts and the legislature have placed on joint tenancies, a brief history relative thereto is necessary.

The common law judges, though maybe not at first, nevertheless at an early period, favored joint tenancy as against tenancy in common. The result was that a conveyance to two or more persons absent an indication demonstrating a contrary intent, created a joint tenancy. The leaning in favor of a joint tenancy would seem to display a desire to lessen the burdens placed upon a tenant by the feudal system, inasmuch as only "one suit and service" was due from all the joint tenants to the overlord. On the death of one joint tenant, his co-tenant acquired the decedent's share free from the burdens "in favor of the lord which ordinarily accrued on the death of the tenant of land." [3]

The law's policy was adverse to the division of tenures because "it tended to multiply the feudal services, and

---

the hearing judge. We, however, note that the declaration stated "the defendant broke and entered certain lands of the plaintiff." It also set forth a reference to the recorded deed.

**3.** 2 *Tiffany, The Law of Real Property* § 421 (3d ed. 1939).

weaken the efficacy of that connection." [4] Lord Hardwicke, however, in *Hawes v. Hawes*, 1 Wils. 165 (1747), observed that the reason for that policy had ceased to exist because of the abolition of tenures, and he opined that the courts of law were no longer inclined to favor joint tenancy.[5] The common law turned one hundred eighty degrees on its axis, so that joint tenants who had once been favored in the law were cast in a role that was looked upon with disfavor both legislatively and judicially. Such is the state of the law today. *See* Md. Ann. Code Art. 50, § 9 and *Alexander v. Boyer*, 253 Md. 511, 253 A. 2d 359 (1969). In order to be legally sufficient, a joint tenancy, both before the pivot by the common law, after the same and now must possess what has come to be stylized as the *Four Unities*. 2 *Blackstone, Commentaries* \*180 states:

> "The *properties* of a joint-estate are derived from its unity, which is fourfold; the unity of *interest*, the unity of *title*, the unity of *time*, and the unity of *possession;* or, in other words, joint-tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession."

*See also* 2 *Tiffany, The Law of Real Property* § 418 (3d ed. 1939); *Tiedeman, The American Law of Real Property* § 176 (3d .ed. 1906); 2 *Walsh, Commentaries on the Law of Real Property* § 115 (1947); 4 *Thompson, Commentaries on the Modern Law of Real Property* § 1777 (1961 Repl. Vol.).

As an outgrowth of the *Four Unities* there has evolved in this State the rule that joint tenants *must* sue jointly for injuries to their possession and when title to the land is involved.

1 *Chitty's Treatise on Pleading* [6] \*73 speaking on *ex delicto* actions, states:

---

**4.** 4 *Kent, Commentaries on American Law* \*361.
**5.** *Ibid.*
**6.** The precise title is: *Chitty's Treatise on Pleading and Parties to Actions.*

"When two or more persons are *jointly entitled,* or have a *joint legal interest* in the property affected, they must in general join in the action, or the defendant may plead *in abatement . . . .*"

And, *Ibid* at *74, it is said:

"In actions for injuries to *real* property, joint tenants . . . must join in real as well as personal actions or the non-joinder may be pleaded in abatement. . . ."

2 *Poe's Pleading and Practice* § 428 (6th ed. 1970), states the rule to be:

"In cases of injury to real property. — In reference to these cases, the general rule is that joint tenants and parceners *must* sue jointly, for their interest is joint and the damage is joint, there being no distinction in this particular between actions brought by them for breach of contract and for wrong independent of contract." (Footnote omitted).

The rationale for such a rule is evident. It is to prevent a defendant from being liable to each of several joint tenants in a multiplicity of suits all arising from the same injury. The defense of non-joinder in actions *ex delicto* does not, however, go to the merits but is available only by way of a plea in abatement, *Koch v. Mack Motor Truck Corp.*, 201 Md. 562, 574, 95 A. 2d 105, 111 (1953), *Anderson v. Stewart,* 108 Md. 340, 351, 70 A. 228, 232 (1908), *Brown v. Ravenscraft,* 88 Md. 216, 223, 44 A. 170, 173 (1898), or by a motion raising preliminary objection, Md. Rule 323a (8); 2 *Poe's Pleading and Practice, supra* at § 431. Nevertheless, if a defendant pleads to the merits, he waives the non-joinder, *Anderson v. Stewart, supra* at 351.

Appellant argues that *Deems v. Western Maryland Ry.*, 247 Md. 95, 231 A. 2d 514 (1967), abolished the rationale for the rule requiring the joinder of all joint tenants to an *ex delicto* action. Appellant's reliance upon *Deems* is misplaced. That case was concerned with a wife's right to sue for loss of

consortium. The Court of Appeals, after noting that a wife could bring such an action said, at 115:

> ·" . . . [W]e hold that, *when either husband or wife claims loss of consortium by reason of physical injuries sustained by the other as the result of the alleged negligence of the defendant, that claim can only be asserted in a joint action for injury to the marital relationship.* That action is to be tried at the same time as the individual action of the physically injured spouse." (Emphasis supplied).

We think that *Deems* implicitly strengthens rather than abolishes the rule that in a tort action, where the right to sue is possessed jointly, it must be asserted jointly.

In the instant case the appellant was placed, by the appellee's filing of the motion raising preliminary objection, on notice of an alleged defect in the declaration. For reasons not apparent from the record, the appellant did not, or could not, then prevail upon the other joint tenants to join in the suit as parties plaintiff. He was, for all intent and purpose, effectively precluded from pursuing a remedy against the alleged trespasser. While the rule requiring the joinder of all joint tenants in an *ex delicto* action may at first blush seem harsh, it is to be remembered that joint tenancy, for historical reasons, is looked upon by legislative bodies and the courts with much disfavor because the right of survivorship — the principal element of a joint tenancy — makes no provision for posterity and is .productive of injustice. 2 *Tiffany, Law of Real Property, supra* at § 421. It would appear that the law not only disdains joint tenancies but, at least passively, discourages their creation.

Judge Hamill did not err in granting the appellee's motion raising preliminary objection.[7]

We turn now to the second contention raised by the

---

**7.** The docket entries show that the motion raising preliminary objection was overruled. The transcript, however, reveals that the motion was granted. The issue was not raised in this Court, but in any event the transcript controls. *See* Shade v. State, 18 Md. App. 407, 306 A. 2d 560 (1973).

appellant, *i.e.*, whether or not the statute of limitations barred the joinder of the other joint tenants as parties plaintiff.

Immediately following the granting of the motion raising preliminary objection, the appellant's counsel said:

> "At this time then, we would like to ask the court to withhold its ruling on the dismissal and properly add to — as parties to this suit, . . . [the appellant's brothers and sisters] who are the other ten co-tenants."

Appellee's counsel said that he thought the statute of limitations prevented the addition of the other co-tenants as parties plaintiff. The judge agreed and refused to allow the amendment. The decision of whether or not to allow amendment is within the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of that discretion. *Hall v. Barlow, Corporation,* 255 Md. 28, 255 A. 2d 873 (1969); *Town of Somerset v. Board,* 245 Md. 52, 225 A. 2d 294 (1966); *Bowersock v. Bowersock,* 210 Md. 427, 123 A. 2d 909 (1956). Amendments should, however, be freely allowed in order to serve the ends of justice. *Hall v. Barlow, Corporation, supra; Earl v. Anchor Pontiac,* 246 Md. 653, 229 A. 2d 412 (1967); *Stoewer v. Porcelain Etc. Mfg. Co.,* 199 Md. 146, 85 A. 2d 911 (1952).

Appellant avers that Md. Rule 320b (1) precludes an action from abating solely because of the non-joinder of a party. The rule provides:

> "A writ or action shall not abate by reason of the misnomer of a party, or the nonjoinder or misjoinder of a party or by the omission of an heir or devisee. In every such case the court shall allow such amendments as justice may require in order to effect a fair trial."

We observe that the rule provides that the court shall allow such amendment "as justice may require in order to effect a fair trial." Although the only issue before us is the ruling pertaining to the statute of limitations to which we shall

subsequently address ourselves, we cannot help but note that had the hearing judge refused to allow amendment, even absent a question of limitations, we would, in view of the inordinate delay between the filing of the motion raising preliminary objection and the hearing thereon, have held that he did not abuse his discretion.

The filing of the suit by the appellant tolled the statute insofar as the appellant himself is concerned, but the tolling of the statute in regard to the appellant does not inure to the benefit of the other co-tenants. If we were to adopt the rationale urged upon us by the appellant, we would, in the instant case, tack onto the three year statute of limitations, Md. Ann. Code Art. 57, § 1, an additional four and one-half year period, thus, for the purposes of this case, negating the statute. We decline to do so.

*Judgment affirmed.*
*Costs to be paid by the appellant.*