CROWE *v.* HOUSEWORTH D/B/A HOUSEWORTH
LUMBER COMPANY

[No. 24, September Term, 1974.]

*Decided September 30, 1974.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*William W. Grant* for appellant.

*C. William Gilchrist*, with whom were *Carscaden, Gilchrist & Getty* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

At the time this litigation commenced, the appellant, Ellis Crowe, together with his four brothers and six sisters, owned a 314-acre farm in Garrett County, holding title to the property as joint tenants. In December, 1965, the appellant's father, Edward L. Crowe, Sr., who had no interest in the farm and was not living there, sold for

$7,225.49 certain marked standing timber on the farm to the appellee, Houseworth.

In January, 1966, after Houseworth had entered the property and had cut and removed some of the timber, Ellis Crowe instituted an action in trespass against him in the Circuit Court for Garrett County, seeking damages and injunctive relief. Houseworth countered with a motion raising preliminary objection, largely grounded on the argument that Crowe was but one of 11 owners, and that the other owners must be made parties to the case.

There the matter rested until August, 1969, when a hearing was held on the motion, but ruling was withheld. A second hearing was had in June, 1973, when Houseworth's motion was granted, and judgment was entered against Crowe for costs. Crowe appealed to the Court of Special Appeals which affirmed the judgment in *Crowe v. Houseworth d/b/a Houseworth Lumber Co.*, 19 Md. App. 688, 313 A. 2d 523 (1974). We granted certiorari, and shall reverse and remand for further proceedings.

The trial court seems to have been of the impression that because of the inordinate delay in bringing the matter on for hearing, Crowe's proffer of joining his brothers and sisters as parties was barred by limitations.

We do not see it quite that way. It is true, as the Court of Special Appeals concluded in its careful opinion in *Crowe v. Houseworth, supra,* 19 Md. App. at 691-93 that joint tenants must join in actions for injuries to real property, *Koch v. Mack International Motor Truck Corp.*, 201 Md. 562, 95 A. 2d 105 (1953); *Anderson v. Stewart,* 108 Md. 340, 70 A. 228 (1908); *Brown v. Ravenscraft,* 88 Md. 216, 44 A. 170 (1898). The reason for the rule is to prevent a multiplicity of suits, 20 Am.Jur.2d *Cotenancy and Joint Ownership* § 110, at 209-10 (1965). *See Picking v. Yates,* 265 Md. 1, 288 A. 2d 146 (1972) (tenancy by the entirety) and *Gent v. Lynch,* 23 Md. 58 (1865) (tenancy in common).

If the rule as to joinder is applied too rigidly, it is not difficult to conceive of a case where a joint tenant's right to relief might well be frustrated by the recalcitrance of one of

his co-tenants. Elsewhere, this problem has been met by permitting a single joint tenant to recover his proportionate share of the damages, *Zabriskie v. Smith*, 13 N. Y. 322 (1855) or by permitting a tenant in common to recover the entire amount and hold a proportionate part of the recovery for his co-tenant, *Pfannenstiel v. Central Kansas Power Co.*, 186 Kan. 628, 352 P. 2d 51 (1960); *Bigelow v. Rising*, 42 Vt. 678 (1870).

Turning now to the question of the propriety of permitting joinder, which seems also to have troubled the trial court, but was not discussed in any detail, we see no reason why the joinder of the additional parties should not have been permitted. Maryland Rule 320 b deals with amendments:

"b. *As to Parties.*

"1. Misnomer — Misjoinder — Nonjoinder — Omission of Heir or Devisee.

"A writ or action shall not abate by reason of the misnomer of a party, or the nonjoinder or misjoinder of a party or by the omission of an heir or devisee. In every such case the court shall allow such amendments as justice may require in order to effect a fair trial.

"2. Exception.

"(a) Nonjoinder or Misjoinder.

"When an amendment is allowed for non-joinder or misjoinder, some one of the original plaintiffs and some one of the original defendants must remain as parties to the action.

"3. Person Under Disability — Nonresident.

"Whenever during the course of a proceeding it is discovered that any party is under disability, or a nonresident, the proceedings may be amended by making new parties or such other provisions as the exigencies of the situation may require, without requiring an entirely new proceeding or pleadings, unless the court shall deem the same necessary to promote justice; and in any case such new party

> shall be entitled to plead or otherwise act as if he was an original party."

We have said that amendments should be freely allowed in order to promote justice, *Earl v. Anchor Pontiac Buick, Inc.*, 246 Md. 653, 656, 229 A. 2d 412, 414 (1967) so that cases will be tried on their merits rather than upon the niceties of pleading, *Hall v. Barlow Corp.*, 255 Md. 28, 39-40, 255 A. 2d 873, 878 (1969). Additional parties plaintiff may be added, *Ehrlich v. Board of Education of Baltimore County*, 257 Md. 542, 547-50, 263 A. 2d 853, 856-57 (1970), subject only to the limitation contained in Rule 320 b 2 (a) that "some one of the original plaintiffs and some one of the original defendants must remain as parties to the action."

We turn now to the question whether the joinder would permit the intervention of the defense of limitations. That Ellis Crowe's suit was timely filed is not open to question. Crowe had brought suit for the full amount of damages. Houseworth can in no way be prejudiced by the appearance of additional parties who could have been made parties plaintiff or defendant when the action was initially brought, because neither the gravamen of the action nor the measure of damages will in any way be affected. *See Prince George's County v. Collington Crossroads, Inc.*, 268 Md. 69, 78, 299 A. 2d 792, 797 (1973).

One of the relatively recent, but nonetheless dramatic developments in the law, is the increased liberality with which amendments of pleadings may be allowed, with or without leave of court, if the ends of justice are served. Generally, this has been accomplished by either statute or rule, C. Clark, Law of Code Pleading § 115, at 708-15 (2d ed. 1947).

A frequently encountered problem, which is the result of the more liberal use of amendments, is whether a new action has commenced, an action which may be barred by limitations, or whether the doctrine of relation back is applicable: that is, whether the assertion of the original complaint tolled the running of the statute. The modern view seems to be that so long as the operative factual

situation remains essentially the same, no new cause of action is stated by a declaration framed on a new theory or invoking different legal principles. As a consequence, the doctrine of relation back is applied, and the intervention of a plea of limitations prevented, C. Clark, *supra*, at 715-23, 729-34. Similar problems are encountered where amendments involve the addition of, or substitution of, parties.

Our cases involving the doctrine of relation back have dealt more frequently with the amendment of the averments of a declaration than with the addition or substitution of parties by amendment. From the cases, some reasonably valid generalities may be drawn: relation back will not be permitted when a new defendant is added, *Talbott v. Gegenheimer*, 237 Md. 62, 63-64, 205 A. 2d 285, 286 (1964), or where a deceased defendant's personal representative is sought to be substituted for the deceased defendant, *Burket v. Aldridge*, 241 Md. 423, 431, 216 A. 2d 910, 914 (1966). Relation back has been permitted, however, where a complaint was amended to substitute the correct name of a defendant, and not add a new party, *Western Union Telegraph Co. of Baltimore City v. State, ex rel. Nelson*, 82 Md. 293, 306-08, 33 A. 763, 764 (1896).

Except for *Ehrlich*, *supra*, 257 Md. 542, there is scant authority on the question of the applicability of the doctrine in cases where new plaintiffs seek to come in. There, we held that the addition of a new party plaintiff, the interests of which were essentially identical with those of the original plaintiff, was not a change in substance, in no way prejudiced the defendant, and did not constitute a new cause of action, against which limitations would run.

In *Smith v. Potomac Edison Co.*, 165 F. Supp. 681, 685-86 (D. Md. 1958) the doctrine of relation back was held to apply in a case where the State was substituted for a widow as nominal plaintiff in an action for wrongful death.

Both *Abrahams v. Myers*, 40 Md. 499 (1874) and *McDowell v. Goldsmith*, 2 Md. Ch. 370 (1851) involved creditors' bills brought by the complainants in their own behalf and in

behalf of other creditors. In both cases, limitations were held to run until the date when other creditors intervened. It seems to us that these cases may be distinguished on two grounds: either because the intervention was not at the instance of the original plaintiffs, or alternatively on the theory that, assuming an insufficiency of assets, the reward usually accorded the diligent might be imperiled.

As regards amendment of the averments of a declaration, the Court has applied the doctrine of relation back with a considerable measure of liberality. *Doughty v. Prettyman*, 219 Md. 83, 92-93, 148 A. 2d 438, 443 (1959) was an action for injury sustained by the plaintiff while riding in a truck owned by the defendant. When the defendant invoked the law of Virginia, where the accident occurred, the plaintiff amended, averring that he was a guest passenger and that the driver's negligence was willful and wanton, or alternatively, that the plaintiff was the defendant's casual employee, both in an effort to avoid the thrust of the Virginia guest statute. Our predecessors held that the amendment constituted no new cause of action which would have permitted the intervention of a plea of limitations.

*State, ex rel. Cavanaugh v. The Arundel Park Corporation*, 218 Md. 484, 147 A. 2d 427 (1959) was a death action for negligence arising out of a fire at an oyster roast conducted by four religious corporations. The defendants filed special pleas, alleging that they were eleemosynary institutions and immune from liability in tort. The plaintiffs countered with an amended declaration, alleging that the defendants were insured, and estopped by statute from pleading charitable immunity. Our predecessors concluded that the doctrine of relation back applied in such circumstances.

In *Brooks v. Childress*, 198 Md. 1, 81 A. 2d 47 (1951), the original declaration in a death action alleged that the defendant was liable for the negligence of his minor son, relying upon principles of agency. An amended declaration sought to hold the father liable because he had signed his son's application for a driver's license, with the consequence

that the son's negligence could be imputed to the father. The Court concluded that this set forth no new cause of action.

In *State, ex rel. Zier v. Chesapeake Beach Ry. Co.*, 98 Md. 35, 56 A. 385 (1903), death was first alleged to have resulted from the negligence of the plaintiff's fellow servants. An amended declaration averred that death was the consequence of the failure of the defendant to exercise due care in selection of the fellow servants who inflicted the injury. In rejecting the notion that the amendment set up a new cause of action, Chief Judge McSherry, for the Court, said:

> "But the suit to recover for the defendant's negligence was precisely the same after the amendment had been made that it was antecedently. The *statement* of the cause of action was different but the *cause of action* itself was identical. Injury resulting in death is what occasioned the suit. The imperfect statement of the case did not cause the correct statement of it to be a different cause of action." 98 Md. at 42-43. (Emphasis in original.)

For other cases reaching a similar result, *see Lichtenberg v. Joyce*, 183 Md. 689, 39 A. 2d 789 (1944); *Middendorf, Williams & Co. v. Alexander Milburn Co.*, 137 Md. 583, 113 A. 348 (1921); *Strasbaugh v. Steward Sanitary Can Co.*, 127 Md. 632, 96 A. 863 (1916); *Wolf v. Bauereis*, 72 Md. 481, 19 A. 1045 (1890).

On the other hand, in *Cline v. Fountain Rock Lime & Brick Co.*, 214 Md. 251, 134 A. 2d 304 (1957), because original declaration relied upon an oral lease, but as amended, upon the lease and an oral joint venture agreement, the Court concluded that the amended declaration stated a new cause of action, and refused to apply the doctrine of relation back. *See also Spencer v. B. & O. R. Co.*, 126 Md. 194, 94 A. 660 (1915); *Schuck v. Bramble*, 122 Md. 411, 89 A. 719 (1914); *Catanzaro DiGiorgio Co. v. F. W. Stock & Sons*, 116 Md. 201, 81 A. 385 (1911); *Hamilton v. Thirston*, 94 Md. 253, 51 A. 42 (1902).

Despite the paucity of Maryland cases dealing with the question whether the addition of a new party or parties plaintiff results in a new cause of action which will or will not survive a plea of limitations, we are prepared to adopt the view of Mr. Justice Holmes, speaking for the Supreme Court in *New York Central & H. R. R. Co. v. Kinney*, 260 U. S. 340, 346 (1922), cited with approval in *Doughty v. Prettyman, supra,* when he said:

> ". . . when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied."

*See also Swartzwelder v. Hamilton,* 56 F.R.D. 606 (M.D. Pa. 1972); *Mattson v. Cuyuna Ore Co.,* 24 F.R.D. 363 (D. Minn. 1959) and *Fidelity and Deposit Co. of Maryland v. Fitzgerald,* 272 F. 2d 121 (10th Cir. 1959), *cert. denied,* 362 U. S. 919 (1960). *Compare Murfkan v. Kahn,* 11 F.R.D. 520 (S.D. Fla. 1951); *Schwartz v. Metropolitan Life Insurance Co.,* 2 F.R.D. 167 (D. Mass. 1941).

Our cases hold the allowance or refusal of an amendment is ordinarily within the discretion of a trial court and that no appeal will lie from the action, in the absence of a clear showing of an abuse of discretion, *Hertelendy v. Montgomery County Board of Appeals,* 245 Md. 554, 566, 226 A. 2d 672, 679 (1967); *Town of Somerset v. Montgomery County Board of Appeals,* 245 Md. 52, 61, 225 A. 2d 294, 300 (1966). As we see it, in the circumstances of this case Crowe should have been allowed to amend, adding the other joint tenants as parties. His claim was not barred by limitations, and the fact that the new parties might share, should there be a recovery, in no way prejudiced Houseworth, *see Webster v. Joplin Water Works Co.,* 352 Mo. 327, 341, 177 S.W.2d 447, 453 (1944) and *Baughman v. Hower,* 56 Ohio App. 162, 167, 10 N.E.2d 176, 178 (1937).

Houseworth would have us dismiss the appeal as moot because Crowe and his brothers and sisters now hold title to

490

the farm as tenants in common. The answer to this contention is that when a trespass action is brought, it is the plaintiff's possession or right to possession, and not the nature of his title which is crucial, *New Windsor v. Stocksdale,* 95 Md. 196, 208-09, 52 A. 596, 597 (1902).

> *Motion to dismiss denied; judgments of the Court of Special Appeals and of the Circuit Court for Garrett County reversed; case remanded to the Circuit Court for further proceedings conformable to the views expressed.*
>
> *Costs to abide the result.*