JOHN T. STAUB, JR. *v.* JOHN T. STAUB, SR.

[No. 1008, September Term, 1975.]

*Decided May 10, 1976.*

The cause was argued before ORTH, C. J. and MOYLAN and GILBERT, JJ.

*Richard M. Winters,* with whom was *Robert D. Osburn, Jr.,* on the brief, for appellant.

*Kenneth J. Mackley,* with whom were *Mackley & Gilbert,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

John T. Staub, Jr., appellant, filed, in the Circuit Court for Frederick County, Maryland, a paper writing purporting to

be a pleading, entitled "Motion for an Accounting and Appointment of a Trustee." In the "motion" the appellant alleged that his grandfather had purchased five Series H, United States Savings Bonds, payable upon the death of the purchaser to his grandson, the appellant. The "motion" recites that the grandfather died in 1954, and the bonds' ownership passed to the appellant, who was then a minor. According to the "motion," sometime in 1959, the appellee, John T. Staub, Sr.,[1] "cashed in" the bonds and purchased a radio station, which he sold later at a ". . . great profit. . . ." Appellee then, allegedly, invested the proceeds in ". . . waterfront property . . ." which was subsequently vended at ". . . a great profit . . .", and another radio station was purchased. Insofar as the record disclosed, the appellee still owns that station. Demand for an accounting by the appellee to the appellant has been refused.

The appellee demurred to the "motion" on the grounds that, (1) a "motion" for the commencement of this type of proceeding was improper and (2) that the proper remedy for the appellant to seek was an action at law for conversion, which had already been brought by the appellant on the law side of the court. The court sustained the demurrer without leave to amend.

Appellant asks us to reverse the circuit court's ruling.[2] He argues that the hearing court abused its discretion in not allowing the appellant to file an amended bill of complaint. Appellant asseverates that the facts clearly show a constructive trust and that an *in camera* argument was made along that particular line. The appellee agrees with the appellant with respect to the factual recitation concerning happenings in the chambers of the hearing judge.

---

1. Apparently the appellee is the appellant's father and, as such, obtained possession of the bonds.

2. Inasmuch as laches does not appear on the surface, at least, to be a problem in this case, it is difficult to comprehend why the appellant chose the appellate route rather than simply filing a new bill of complaint. The new bill of complaint could have alleged facts, which, if proven, could have led to the imposition of a constructive trust upon the property of the appellee.

Amendments to actions at law or equity are governed by Md. Rule 320 which provides, in pertinent part:

"a. *Scope and Purpose.*

1. Process, Pleadings and Record.

Unless the court otherwise directs any of the proceedings, including process, pleadings, and record, may be amended so that the case may be tried on its merits.

2. Action to Another Form.

An action may be amended from one form to another.

\* \* \*

d. *Procedure.*

\* \* \*

3. . . . Where a demurrer to any pleading is sustained, the court may, in its order, prohibit further amendment."

The Court of Appeals has repeatedly held that amendments should be freely permitted in order better to promote the ends of justice. *Dart Drug Corp. v. Hechinger Co.,* 272 Md. 15, 320 A. 2d 266 (1974); *Preissman v. Harmatz,* 264 Md. 715, 288 A. 2d 180 (1972); *Earl v. Anchor Pontiac Buick, Inc.,* 246 Md. 653, 229 A. 2d 412 (1967); *Jacobson v. Julian,* 246 Md. 549, 229 A. 2d 108 (1967). This Court has likewise trod the same path. *Zell v. Zell,* 12 Md. App. 563, 280 A. 2d 22 (1971). An amendment should not be allowed, however, if it will result in prejudice to the opponent or will unduly delay the results. *Robertson v. Davis,* 271 Md. 708, 319 A. 2d 816 (1974). In the case *sub judice* there is no allegation, nor even an indication, that an amendment will result in prejudice to the appellee or unduly delay the final solution.

Lest there be any doubt as to the extent to which the Court of Appeals has gone in permitting amendments to be made freely, that doubt was laid to rest in *Crowe v. Houseworth,* 272 Md. 481, 325 A. 2d 592 (1974), *reversing* 19

Md. App. 688, 313 A. 2d 523 (1974). In that case, this Court was of the belief that the seeking to amend a suit by adding new parties plaintiff and, thus, satisfying the rule relative to non-joinder of parties in a joint tenancy case, *see Crowe v. Houseworth*, 19 Md. App. at 694, was unreasonable in view of the 7½ years the case had been at issue. We so believed because we felt the delay was inordinate, and we held that the hearing judge did not abuse his discretion in refusing the amendment. We were wrong. The Court of Appeals, on *certiorari*, in *Crowe*, 272 Md. at 485, said:

> "One of the relatively recent, but nonetheless dramatic developments in the law, is the increased liberality with which amendments of pleadings may be allowed, with or without leave of court, if the ends of justice are served. Generally, this has been accomplished by either statute or rule, C. Clark, Law of Code Pleading § 115, at 708-15 (2d ed. 1947)."

The Court reiterated that ". . . amendments should be freely allowed . . . ." 272 Md. at 485.

While the decisions of the Court of Appeals hold that ". . . the allowance or refusal of an amendment is ordinarily within the discretion of a trial court and that no appeal will lie from the action, in the absence of a clear showing of an abuse of discretion," 272 Md. at 489, the Court apparently felt that there had been an abuse in *Crowe*. The Court pointed out that Crowe's claim was not barred by limitations and that Houseworth was ". . . in no way prejudiced . . . ." 272 Md. at 489.

3 *Poe's Pleading and Practice* § 184 (6th ed. H.M. Sachs, Jr. 1975) states:

> "Amendments now liberally allowed. — These provisions [the Maryland Rules] are so clear as to call for but little comment. They indicate great liberality in the allowance of amendments, in order to prevent the substantial justice of a cause from being defeated by formal slips or slight variances,

and under their operation the practical injustice which formerly disfigured the administration of the law, in consequence of the enforcement of strict technical rules of pleading, is greatly diminished."

The same treatise says ". . . that cases may, by amendment, be changed from one form of action to another. . . .". 3 *Poe's Pleading and Practice* § 185. *See* Md. Rule 320 a 2. *See also* H. Ginsberg and I. Ginsberg, *Pleading at Law in Maryland* 105 (1937), where it is said:

". . . [If] the amendment materially changes the nature of the action, as where, fór example, an action of trespass to the person is changed to an action of case for slander, the defendant may regard the amendment as equivalent to the filing of a new suit and plead limitations as of the date of the amended declaration."

Messrs. Ginsberg strongly imply that the change by amendment from one cause of action to another is permitted notwithstanding that the defendant is at liberty to plead limitations. Significantly, the observation by Messrs. Ginsberg pre-dated Md. Rule 320 a 2.

Irrespective of what the procedural law may be in other jurisdictions,[3] Maryland has adopted a liberal view relative to amendment. It is manifest that the Maryland rule is designed to place a case on trial on its merits, thus fostering justice rather than impeding it by adhering to antiquated technicalities.

When we apply the rationale of the *Crowe* decision by the Court of Appeals and our recent holding in *Mack Trucks, Inc. v. Webber*, 29 Md. App. 256, 347 A. 2d 865 (1975), *cert. denied*, February ·3, 1976, to the instant case, we are compelled to conclude that the hearing judge should have

**3.** Federal courts have followed for some time, a liberal rule permitting leave to amend freely in order to promote justice. *See* 3 J. Moore, *Federal Practice* § 15.08[2] (2d ed. 1974). *See generally* 71 C.J.S. *Pleading* §§ 275-322 (1951).

permitted the requested amendment. That failure to do so amounts, in this case, to an abuse of discretion.

> *Order reversed.*
> *Case remanded for further proceedings not inconsistent with this opinion.*
> *Costs to be paid by appellee.*