COLONEL C. COLE *v.* WILLIAM T. GALES

[No. 543, September Term, 1980.]

*Decided January 8, 1981.*

The cause was argued before LOWE, WILNER and COUCH, JJ.

*Benjamin Swogell* for appellant.

*William Franklin Gosnell* for appellee.

COUCH, J., delivered the opinion of the Court.

William T. Gales, the appellee, sued the appellant, Colonel C. Cole, in the Circuit Court for Baltimore County for his share of monies received and disbursed by appellant personally, which monies actually belonged to a corporation of which both parties were stockholders. In this suit the

appellant pleaded res judicata and the general issue. Following a non-jury trial the court held that res judicata did not bar the suit and found in favor of appellee. On appeal, appellant urges us to find the trial court in error as to the res judicata issue and that the evidence was insufficient to support the judgment. We shall agree with the appellant as to the first issue and thus need not address the latter issue.

This controversy stems from a business relationship between appellant and appellee whereby they formed a corporation to own and operate the "Owl Club" in the Belvedere Hotel, Baltimore City. The parties here each owned 49% of the club. The club was forced out of business when the hotel closed and through the efforts of the appellant recovered a judgment for approximately $110,000.00 against a third party claimed to be responsible for the club's shut-down. This judgment was satisfied for some $83,000.00, the monies being received by appellant and disbursed without any payment made to appellee, who did not even know of the judgment or its satisfaction. When knowledge thereof was gained by the appellee, he sued appellant in the Superior Court of Baltimore City. During the course of a non-jury trial in that court, there was evidence of the receipt of an additional $23,516.00 by appellant on behalf of the corporation, which money again had been disbursed without including appellee as a recipient. Although appellee requested the Baltimore City court to include this additional amount in its award, which the court refused to do, no motion was made to amend his declaration. A judgment was thereafter entered in favor of appellee for his distributive share of the $83,000.00. This judgment was not appealed, and was subsequently satisfied. Thereafter, the instant case was brought in Baltimore County.

Both parties agree that the doctrine of res judicata is:

". . . a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could

508

have been litigated in the first suit, where the court had jurisdiction, proceedings were regular, and his omission was due to his own negligence."

See *Alvey v. Alvey,* 225 Md. 386, 390, 171 A.2d 92 (1961); *Tucker v. Tucker,* 35 Md. App. 710, 373 A.2d 16 (1977).

The parties' respective positions are: Appellant contends the appellee had knowledge of the additional $23,516.00 prior to the conclusion of the Superior Court case and thus could have litigated that issue in that court by amending his pleadings. Appellee claims he did not have such knowledge, nor the means to obtain it. The Baltimore County trial judge, in ruling on the res judicata issue, stated:

"I have read the entire transcript before the Superior Court of Baltimore City before the Honorable David Ross on June 22, 1978. It clearly indicates to this court that the only thing Judge Ross ruled on was the distribution of the $83,000.00. He refused to make any ruling with respect to the $23,516.00. He said that was not before him. Therefore, the matter has never been finally adjudicated as to that amount, and the Plea of Res Adjudicata is denied."

It appears that the trial judge did not consider whether the issue of the $23,516.00 could have been litigated in the Superior Court case.

In our view, the trial court erred. It seems that information of the additional money received by appellant may have come to light by his answer to appellee's exception to answers to interrogatories, although this is not entirely clear. Nevertheless, during that trial in Baltimore City, the appellant admitted he had received the extra money and that it was not included in the $83,000.00 settlement. Furthermore, the record clearly shows that appellee made no motion to amend his pleadings to incorporate the additional claim; had he done so we are confident the trial judge would have granted such motion. Maryland Rule 320 provides the mechanism for amendment, making clear the purpose of the

rule, *i.e.* "so that the case may be tried on its merits." Section c. of the Rule provides:

"c. *Time for Amendment.*
1. Before Trial-Trial Before Court.
    In a case heard or tried before the court without a jury, any amendment may be made at any time before a final judgment or decree is entered."

Although in the Baltimore City case appellee already had a default judgment against appellant when the fact of the extra $23,516.00 receipt came to light, this judgment would not have prevented an amendment as to the *amount* being claimed. The Court of Appeals has concluded that a default judgment is a final determination as to *liability. See Himes v. Day,* 254 Md. 197, 254 A.2d 181 (1969). This would not, in our view, constitute a "final judgment" in the context of the amendment rule and the facts of this case.

Furthermore, it has been consistently held that amendments should be freely allowed to serve the ends of justice. *Crowe v. Houseworth,* 272 Md. 481, 325 A.2d 592 (1974); *Wright v. Trotta,* 34 Md. App. 309, 367 A.2d 557 (1976). In our view appellee had the opportunity, before the Baltimore City case went to final judgment, to have the issue of the additional money litigated; he failed to take advantage of this opportunity and res judicata barred his Baltimore County suit.

> *Judgment reversed.*
> *Costs to be paid by appellee.*